UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

05 JUN 13 PM 12: 33

OFFICE OF THE CLERK

------------------------------------------------------------x

HARBOR FINANCE PARTNERS,
derivatively on behalf of CONAGRA FOODS, INC.,

          Plaintiff,

**Civil Action No. 4:01CV3255**

Judge Kopf
Magistrate Judge Piester

-against-

**ORDER OF PRELIMINARY APPROVAL**

BRUCE C. ROHDE, CHARLES M. HARPER,
CARL E. REICHARDT, RONALD W. ROSKENS,
MARJORIE M. SCARDINO, WALTER SCOTT,
JR., KENNETH E. STINSON, MOGENS C. BAY,
ROBERT A. KRANE,

          Defendants,

  -and-

CONAGRA FOODS, INC.,

          Nominal Defendant.

------------------------------------------------------------x

    The parties having made an application for an Order preliminarily approving the settlement (the "Settlement") of this action (the "Action") in accordance with a Stipulation And Agreement Of Settlement dated as of June 10, 2005 (the "Stipulation"), which, together with the Exhibits thereto, sets forth the terms and conditions for the proposed Settlement of the Action; and which provides for ultimate dismissal of the Action with prejudice.

    **IT IS HEREBY ORDERED** this 13th day of June, 2005 that:

    1.    The Stipulation and the Settlement set forth therein are found preliminarily to be fair, reasonable and adequate to Nominal Defendant ConAgra Foods, Inc. ("ConAgra"). This

Order incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. A Hearing shall be held before the Honorable Richard G. Kopf on ~~September~~ September 8, 2005, at 12:30 a.m. / p.m. in Lincoln, Nebraska RGK for the purpose of determining whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate and should be finally approved by the Court. The Court may adjourn the Hearing or any adjournment thereof without further notice other than by announcement at the Hearing of any adjournment thereof.

3. Within twenty-one (21) days after entry of this Order, ConAgra, at its expense, shall cause a copy of the Notice, substantially in the form attached as Exhibit B to the Stipulation, to be mailed to the Current ConAgra Shareholders. ConAgra shall use reasonable efforts to cause notice to be given to nominee holders such as brokerage firms and other entities. Such nominee holders are directed to forward copies of the Notice to all beneficial owners of such shares within ten (10) days after receipt of the Notice or to provide the Notice Administrator selected by ConAgra ("Notice Administrator") with a list of the names and addresses of such beneficial owners within ten (10) days of receipt of Notice. The Notice Administrator shall also make available additional copies of the Notice to any record holder requesting the same for the purpose of distribution to beneficial owners during such period or by mailing copies of the Notice to beneficial owners, the addresses for whom have been provided to the Notice Administrator by the record owners of such common shares.

4. The Court approves, in form and content, the Notice and finds that the giving of notice as specified herein meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, is the best notice practicable, and shall constitute due and sufficient notice of the Settlement Hearing referenced in paragraph 2 above, and all other matters referred to in the Notice to all persons entitled to receive notice of the Settlement Hearing referenced in paragraph

2 above. The Defendants shall, no later than ten (10) days before the Settlement Hearing directed herein, file an appropriate affidavit of proof of mailing with respect to the Notice.

5. Current ConAgra Shareholders who comply with the procedures set forth below for making an appearance (personally or through counsel) may be heard to the extent allowed by the Court regarding the fairness, reasonableness, and adequacy of the Settlement. In no event shall any Person be heard in opposition to the Settlement, and in no event shall any paper or brief submitted by any such Person be accepted or considered by the Court, unless by ~~August 15 2005~~ *RGK* such Person (A) files with the Clerk of the Court at P.O. Box 83468, Lincoln, Nebraska 68501-3468 notice of such Person's intention to appear, showing proof that such Person is a Current ConAgra Shareholder, including the number of shares of ConAgra Common Stock held, and providing a statement that indicates the basis for such appearance, along with any documentation in support of any objection, and (B) simultaneously serves copies of such notice, proof, statement and documentation, together with copies of any other papers or briefs such Person files with the Court, in person or by mail upon:

Leo A. Knowles
Edward G. Warin
Patrick E. Brookhouser, Jr.
MCGRATH NORTH MULLIN & KRATZ, PC LLO
Suite 3700, First National Tower
1601 Dodge Street
Omaha, Nebraska 68102-1627

*Counsel for Bruce C. Rohde,
Charles M. Harper, Carl E. Reichardt,
Ronald W. Roskens, Marjorie M. Scardino,
Walter Scott, Jr., Kenneth E. Stinson,
Mogens C. Bay, Robert A. Krane and
ConAgra Foods, Inc.*

-and-

Richard B. Brualdi

THE BRUALDI LAW FIRM
29 Broadway, Suite 2400
New York, New York 10006

*Counsel for Plaintiff Harbor Finance Partners*

6. If the Settlement is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement and any actions taken or to be taken in connection therewith (including this Order and any judgment entered in this Action) shall be terminated and shall become void and of no further force and effect, except that if no Termination Notice has been provided before the deadline set in paragraph 3 of this Order for sending the Notice, Defendants shall have the obligation to provide and pay for any expenses incurred in connection with that Notice as provided in this Order. In any event, neither the Stipulation nor any provision contained therein, nor any action undertaken pursuant thereto, nor the negotiation thereof by any party, shall be deemed an admission offered or received as evidence at any proceeding in this Action or any other action or proceeding.

7. All proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court.

8. Neither the Stipulation nor any provision contained in the Stipulation, nor any negotiations, statements or proceedings in connection therewith, shall be construed as, or deemed to be evidence of, an admission or concession on the part of any of the Plaintiff, the Defendants, or any other Person of any liability or wrongdoing by them, or any of them, and shall not be offered or received in evidence in any action or proceeding, or be used in any way as an admission, concession or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Plaintiff or any other person, has or has not suffered any damage.

9. Pending final determination of whether the Settlement shall be approved, no

Current ConAgra Shareholder or other Person shall institute, commence, or prosecute any action asserting Released Claims against any Released Parties or any Related Persons of any Released Parties.

10. The Court retains exclusive jurisdiction over this Action to consider all further applications arising out of or connected with the proposed Settlement.

Dated: June 13, 2005

Honorable Richard G. Kopf
UNITED STATES DISTRICT JUDGE