FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

05 JUN 29 PM 2:24

OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA

---------------------------------------------------------------x

HARBOR FINANCE PARTNERS,
derivatively on behalf of CONAGRA FOODS, INC.,

       Plaintiff,         :    **Civil Action No. 4:01CV3255**

                                      Judge Kopf
                                      Magistrate Judge Piester

(a)

     -against-                  **ORDER**

BRUCE C. ROHDE, CHARLES M. HARPER,
CARL E. REICHARDT, RONALD W. ROSKENS,
MARJORIE M. SCARDINO, WALTER SCOTT,
JR., KENNETH E. STINSON, MOGENS C. BAY,
ROBERT A. KRANE,

       Defendants,

  -and-

CONAGRA FOODS, INC.,

       Nominal Defendant.

---------------------------------------------------------------x

The parties have submitted an Amendment to the Stipulation and Agreement of Settlement ("Stipulation") previously submitted in this case. This Order incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation. After having reviewed that Amendment and the revised proposed Notice submitted with it,

**IT IS HEREBY ORDERED** as follows:

1. The Amendment to the Stipulation is found preliminarily to be fair, reasonable, and adequate to the Nominal Defendant, ConAgra Foods, Inc. ("ConAgra").

2. The Court approves, in form and content, the Notice attached hereto and finds that it is proper and appropriate for that Notice to be substituted for the Notice originally submitted with the Stipulation.

3. All other provisions of the Order of Preliminary Approval dated June 13, 2005, shall remain unchanged.

IT IS SO ORDERED.

Dated: June 29, 2005

HONORABLE RICHARD G. KOPF
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA

---

HARBOR FINANCE PARTNERS,
derivatively on behalf of CONAGRA FOODS, INC.,

    Plaintiff,

-against-

BRUCE C. ROHDE, CHARLES M. HARPER, CARL E. REICHARDT,
RONALD W. ROSKENS, MARJORIE M. SCARDINO, WALTER SCOTT, JR.,
KENNETH E. STINSON, MOGENS C. BAY, ROBERT A. KRANE,

    Defendants,

-and-

CONAGRA FOODS, INC.,

    Nominal Defendant.

Civil Action No. 4:01CV3255

## NOTICE OF PENDENCY AND SETTLEMENT OF DERIVATIVE ACTION

TO: ALL HOLDERS OF CONAGRA FOODS, INC.'S COMMON STOCK OF AS OF JUNE 10, 2005.

PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY. YOUR RIGHTS WILL BE AFFECTED.

THIS NOTICE RELATES TO A PROPOSED SETTLEMENT OF A SHAREHOLDER DERIVATIVE ACTION AND CLAIMS ASSERTED THEREIN.

## PURPOSE OF THIS NOTICE

This Notice is given pursuant to Rule 23.1 of the Federal Rules of Civil Procedure and by an Order of the United States District Court for the District of Nebraska. The purpose of the Notice is to advise you that a shareholder derivative action is now pending in the Court relating to ConAgra and that the parties thereto have reached a proposed settlement which would fully, finally and forever resolve this Action on the terms and conditions summarized in this Notice and that a Settlement Hearing will be held September 8, 2005, at 12:30 p.m. before the Honorable Richard G. Kopf, United States District Court for the District of Nebraska, 593 Federal Building, 100 Centennial Mall North, Lincoln, Nebraska 68508.

THIS IS NOT AN EXPRESSION OF ANY OPINION BY THE COURT AS TO THE MERITS OF ANY CLAIMS OR ANY DEFENSES ASSERTED BY ANY PARTY IN THE ACTION, OR THE FAIRNESS, REASONABLENESS OR ADEQUACY OF THE PROPOSED SETTLEMENT. THE DEFENDANTS HAVE DENIED, AND CONTINUE TO DENY, THAT THEY HAVE ANY LIABILITY AS A RESULT OF ANY AND ALL ALLEGATIONS THAT HAVE BEEN OR COULD HAVE BEEN MADE IN THE ACTION AND IN THE DELAWARE ACTION. THE DEFENDANTS ARE ENTERING INTO THE SETTLEMENT IN ORDER TO ELIMINATE THE BURDEN, DISTRACTION, EXPENSE, AND UNCERTAINTY OF FURTHER LITIGATION.

## DEFINITIONS

As used in this Notice, the following terms shall have the meanings specified below:

1. "Action" means the Action filed by Plaintiff Harbor Finance Partners in the United States District Court for the District of Nebraska on October 9, 2001, entitled *Harbor Finance Partners v. Rohde, et. al.*, Case No. 4:01 CV 3255.

2. "Complaint" means the Verified Shareholder Derivative Complaint filed by Plaintiff Harbor Finance Partners in the Action.

3. "ConAgra" means, collectively, ConAgra Foods, Inc. and ConAgra, Inc.

4. "Court" means the United States District Court for the District of Nebraska.

5. "Current ConAgra Shareholder" means persons who are record owners and/or beneficial owners of ConAgra common stock on June 10, 2005, and who continue to hold their ConAgra common stock as of the date of the final Settlement Hearing.

6. "Defendants" mean Bruce C. Rohde, Charles M. Harper, Carl E. Reichardt, Ronald W. Roskens, Marjorie M. Scardino, Walter Scott, Jr., Kenneth E. Stinson, Mogens C. Bay, Robert A. Krane and ConAgra.

7. "Defendants' Counsel" means Leo A. Knowles, Edward G. Warin, and Patrick E. Brookhouser, Jr. of McGrath North Mullin & Kratz, PC LLO and Andrew Weissman of Wilmer Cutler Pickering Hale and Dorr LLP.

8. "Delaware Action" means *Anthony F. Rolfes and Sandra S. Rolfes v. Bruce C. Rohde, Ronald W. Roskens, Clayton K. Yeutter, Marjorie M. Scardino, Kenneth E. Stinson, Charles M. Harper, Walter Scott, Jr., Mogens C. Bay, Carl E. Reichardt and Robert A. Krane and ConAgra Foods, Inc.*, Case No. 19130 NC, pending in the Court of Chancery for the State of Delaware in and for New Castle County.

9. "Effective Date" means the date of completion of the following: (a) entry of an Order and Final Judgment, which approves in all material respects the dismissal of the claims that have been made in this Action and the releases and bar orders provided for in the Stipulation with respect to this Action; (b) entry of an Order dismissing with prejudice the Delaware Action; (c) either (1) expiration of the time to appeal or otherwise seek review of the Order and Final Judgment approving, in all material respects, the settlement of this Action as provided herein, without any appeal having been taken or review sought, or (2) if an appeal is taken or review sought, the expiration of five (5) days after an appeal or review shall have been dismissed or finally determined by the highest Court before which such appeal or review is sought and which affirms the material terms of such appealed settlement and/or Order and Final Judgment and is not subject to further judicial review; and (d) either (1) expiration of the time to appeal or otherwise seek review of the Order dismissing the Delaware Action with prejudice, without any appeal having been taken or review sought, or (2) if an appeal of that Order is taken or review sought, the expiration of five (5) days after an appeal or review shall have been dismissed or finally determined by the highest Court before which such appeal or review is sought and which affirms the dismissal with prejudice of the Delaware Action.

10. "Final" means no longer subject to review upon appeal or review in connection with a Petition for Writ of Certiorari, whether by exhaustion of any possible appeal, lapse of time or otherwise.

11. "Notice" means this Notice, substantially in the form attached to the Stipulation as Exhibit B.

12. "Order and Final Judgment" means an Order and Final Judgment in substantially the form attached to the Stipulation as Exhibit C.

13. "Person" means a natural person, individual, corporation, partnership, limited partnership, limited liability partnership, limited liability company, association, joint venture, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, any business or legal entity, and any spouse, heir, legatee, executor, administrator, predecessor, successor, representative or assign of any of the foregoing.

14. "Plaintiff" means Harbor Finance Partners.

15. "Plaintiff's Counsel" means Richard B. Brualdi, The Brualdi Law Firm, David W. Rowe and Kinsey, Ridenour, Becker & Kistler, L.L.P.

16. "Preliminary Order" means an order substantially in the form attached to the Stipulation as Exhibit A.

17. "Related Persons" means, with respect to any Person, such Person's present and former parent entities, subsidiaries (direct or indirect) and affiliates, and each of their respective present and former shareholders, general partners, limited partners, affiliates, divisions, joint ventures, partnerships, officers, directors, employees, agents, representatives, attorneys, insurers, excess insurers, experts, advisors, investment advisors, underwriters, fiduciaries, trustees, auditors, accountants, spouses and immediate family members, and the predecessors, heirs, legatees, successors, assigns, agents, executors, devisees, personal representatives, attorneys, advisors and administrators of any of them, and the predecessors, successors, and assigns of each of the foregoing, and any other Person in which any such Person has or had a controlling interest or which is or was related to or affiliated with such Person, and any trust of which such Person is the settler or which is for the benefit of such Person or member(s) of his or her family.

18. "Released Claims" means any statutory or common law claims, rights, demands, suits, matters, issues or causes of action under federal, state, local, foreign, statutory, or common law, or any other law, rule or regulation (including Unknown Claims) that were, could have been, or might have been asserted against the Released Parties or any or all of their Related Persons, derivatively on behalf of ConAgra or its successors, in any court of competent jurisdiction or any other adjudicatory tribunal, in connection with, arising out of, related to, or based upon, in whole or in part, directly or indirectly, in any way, the facts, transactions, events, occurrences, acts, disclosures, oral or written statements, representations, filings, publications, disseminations, press releases, presentations, accounting practices or procedures, omissions or failures to act which were or which could have been alleged in the Action and/or in the Delaware Action. The "Released Claims" include but are not limited to, any and all claims for damages, penalties, disgorgement, restitution, interest, attorneys' fees, expert or consulting fees, and any and all other costs, expenses or liability whatsoever, whether based on federal, state, local, foreign, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, including both known claims and Unknown Claims that were or that could have been alleged in the Action, and/or in the

*Page 2*

Delaware Action, including, without limitation, claims for negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, fraud, constructive fraud, self dealing, misrepresentation (whether intentional, negligent, or innocent), omission (whether intentional, negligent, or innocent), suppression (whether intentional, negligent, or innocent), mismanagement, gross mismanagement, abuse of control, unjust enrichment, breach of contract, breach of fiduciary duty or violations of any state or federal statutes, rules, or regulations or any other source of legal or equitable obligation of any kind or description in whatever forum. The inclusion of the Delaware Action in the release was separately bargained for and was a key component of this Settlement.

19. "Released Parties" means and includes the Defendants (and each of them, and their current and prior parents, affiliates, subsidiaries, predecessors, officers, directors, employees, agents, successors, assigns, creditors, administrators, heirs and legal representatives), and their respective insurers, co-insurers, reinsurers, attorneys, accountants, consultants, advisors and underwriters and the Related Persons of all Persons mentioned in this paragraph.

20. "Settlement" means the settlement and compromise of the Action.

21. "Settlement Hearing" means the hearing or hearings at which the Court will review the adequacy, fairness and reasonableness of the Settlement.

22. "Stipulation" means the Stipulation and Agreement of Settlement in this Action.

23. "Unknown Claims" means any and all Released Claims that Plaintiff, ConAgra, and each and every Current ConAgra Shareholder do not know or suspect to exist in their favor at the time of executing this Stipulation, including, without limitation, claims that if known by him, her, or it might have affected his, her, or its decision to settle with and release the Released Parties. With respect to any and all Released Claims, the parties stipulate and agree that upon the Effective Date, Plaintiff, ConAgra, and the Current ConAgra Shareholders shall be deemed to waive, and by operation of the Order and Final Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement.

## TERMS OF THE SETTLEMENT

As a result of a number of events and factors, including communications with plaintiff's counsel, Richard B. Brualdi, and the prosecution of this Action, ConAgra's insurance carrier agreed to pay substantially all of the $14 million settlement amount in the class action that was filed in the United States District Court for the District of Nebraska captioned *Gebhardt v. ConAgra*, Case No. 4:01cv427. In addition, Defendants will cause or have caused ConAgra to implement the following changes, which were the subject of discussion by and among the counsel representing the parties to this Stipulation:

(a) ConAgra promulgated a Code of Conduct approved September 27, 2001, which is provided to every ConAgra employee, and ConAgra has agreed to keep a Code of Conduct (which may be modified from time to time) in place indefinitely, but at least for three years;

(b) ConAgra has changed its reporting relationships so that each Senior Financial Officer of the nine major ConAgra operating companies now has a direct reporting relationship to the Chief Financial Officer of the Parent corporation, and will keep a substantially similar reporting relationship in place indefinitely, but for at least three years;

(d) ConAgra has reorganized its internal auditing department, adding additional people, including more Certified Public Accountants, and further agrees to maintain for at least three years three more Certified Public Accountants in its internal auditing department than it had in October 2001;

(e) ConAgra has changed its reporting relationships so that each and every employee in its internal auditing department now has the opportunity to report any concerns or problems directly to the Audit Committee of ConAgra's Board of Directors and will maintain that change for at least three years.

Further, ConAgra acknowledged that Plaintiff's counsel has a claim for attorneys' fees and reimbursement of expenses in the Action based upon the above-mentioned benefits which the Settlement has and will provide to ConAgra, and therefore, Plaintiff and ConAgra (after negotiating the other elements of the Settlement) agreed that, subject to Court approval of the Settlement, ConAgra will cause its insurance carrier to pay to Plaintiff's Counsel attorney's fees of $300,000 in settlement of all claims for attorneys' fees and expenses in the Action and the Delaware Action or such lesser amount as the Court orders to be paid, within ten (10) business days of the Effective Date of the Settlement. The cost of distributing this Notice is being paid by ConAgra.

## CONDITIONS TO SETTLEMENT

The Stipulation contains conditions, certain of which may be waived by ConAgra, which must be satisfied for the parties to be required to complete the Settlement.

## SETTLEMENT HEARING AND ABILITY TO OBJECT TO THE SETTLEMENT

Current ConAgra Shareholders who comply with the procedures set forth below for making an appearance (personally or through counsel) may be heard to the extent allowed by the Court regarding the fairness, reasonableness, and adequacy of the Derivative Settlement. You are not required to retain your own counsel, but if you choose to do so it will be at your own expense. In no event shall any Person be heard in opposition to the Settlement, and in no event shall any paper or brief submitted by any such Person be accepted or considered by the Court, unless by August 15, 2005, such Person (A) files with the Clerk of the Court at P.O. Box 83468, Lincoln, Nebraska 68501-3468 notice of such Person's intention to appear, showing proof that such Person is a Current ConAgra Shareholder, including the number of shares of ConAgra Common Stock held, and providing a statement that indicates the basis for such appearance, along with any documentation in support of any objection, and (B) simultaneously serves copies of such notice, proof, statement and documentation, together with copies of any other papers or briefs such Person files with the Court, in person or by mail upon:

*Counsel for Bruce C. Rohde, Charles M. Harper, Carl E. Reichardt, Ronald W. Roskens, Marjorie M. Scardino, Walter Scott, Jr., Kenneth E. Stinson, Mogens C. Bay, Robert A. Krane and ConAgra Foods, Inc.*

Leo A. Knowles
Edward G. Warin
Patrick E. Brookhouser, Jr.
MCGRATH NORTH MULLIN & KRATZ, PC LLO
Suite 3700, First National Tower
1601 Dodge Street
Omaha, Nebraska 68102-1627

-and-

*Counsel for Plaintiff Harbor Finance Partners*

Richard B. Brualdi
THE BRUALDI LAW FIRM
29 Broadway, Suite 2400
New York, New York 10006

**All documents sent to the Clerk of the Court, including any objections, will be filed electronically by the Clerk and will thereby be available for public review.**

## NOTICE TO BANKS, BROKERS OR OTHER NOMINEES

If you held ConAgra Common Stock on June 10, 2005 as a nominee for the benefit of another, you are directed to provide a copy of this Notice to the beneficial owner of the publicly traded securities, postmarked no later than ten (10) days after receipt of this Notice or to provide within ten (10) days of receipt of this Notice the names and addresses of such Persons to the Notice Administrator at the address listed below in this paragraph in which case the beneficial owner will be sent a copy of the Notice. You may obtain reimbursement of your reasonable and actual out-of-pocket disbursements that would not have been made but for this request by submitting an itemized statement to: ConAgra Shareholder Derivative Lawsuit, P.O. Box 1785, Faribault, MN 55021-1785, or email: conagrainfo@rustconsulting.com.

## FURTHER INFORMATION

Further information regarding the Action and this notice may be obtained by contacting counsel for Plaintiff: Richard B. Brualdi, THE BRUALDI LAW FIRM, 29 Broadway, Suite 2400, New York, New York 10006, (212) 952-0602.

The pleadings and other records of the Action may be examined and copied at any time during regular office hours at the Office of the Clerk, United States District Court, District of Nebraska, 593 Federal Building, 100 Centennial Mall North, Lincoln, Nebraska 68508.

**Please Do Not Telephone The Court or the Clerk's Office Regarding this Notice.**

DATED: June 13, 2005        BY ORDER OF THE COURT
                            UNITED STATES DISTRICT COURT, DISTRICT OF NEBRASKA

[THIS PAGE INTENTIONALLY LEFT BLANK.]

ConAgra Shareholder Derivative Lawsuit
PO Box 1785
Faribault MN 55021-1785

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
PAID
Rust Consulting, Inc.